# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 20-916V
UNPUBLISHED

| | |
|---|---|
| CHRISTOPHER DOUGHERTY,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: September 16, 2021<br><br>Special Processing Unit (SPU);<br>Damages Decision Based on Proffer;<br>Influenza (Flu) Vaccine; Guillain-<br>Barre Syndrome (GBS) |

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Matthew Murphy, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On July 29, 2020, Christopher Dougherty filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered Guillain-Barré syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 20, 2017. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On May 17, 2021, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On September 15, 2021, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $110,000.00. Proffer at 1. In the Proffer, Respondent represented that Petitioner agrees with the proffered award.

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

*Id.* at 2. Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $110,000.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
# OFFICE OF SPECIAL MASTERS

|  |  |  |
|---|---|---|
| CHRISTOPHER DOUGHERTY, | ) ) ) |  |
| Petitioner, | ) ) | No. 20-916V   ECF |
| v. | ) ) | Chief Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) ) ) ) |  |
| Respondent. | ) ) ) |  |

## PROFFER ON AWARD OF COMPENSATION[1]

### I.   Procedural History

On July 29, 2020, Christopher Dougherty ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, as amended ("the Vaccine Act" or "the Act"), 42 U.S.C. §§ 300aa-1 to -34. Petitioner alleged that he suffered Guillain-Barré Syndrome ("GBS") as a result of an influenza ("flu") vaccine administered to him on October 20, 2017. *See* Petition. On May 7, 2021, respondent filed his Vaccine Rule 4(c) report, concluding that petitioner suffered GBS as defined by the Vaccine Injury Table, within the Table timeframe. On May 17, 2021, Chief Special Master Corcoran issued a ruling on entitlement, finding that petitioner was entitled to compensation for a GBS Table injury.

### II.   Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded a lump sum of **$110,000.00**. This amount represents all elements of compensation to which

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

petitioner is entitled under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

### III. Form of the Award

Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment, as described below, and requests that the Chief Special Master's decision and the Court's judgment award the following:  A lump sum payment of **$110,000.00** in the form of a check payable to petitioner.[2]  Petitioner agrees.

        Respectfully submitted,

        BRIAN M. BOYNTON
        Acting Assistant Attorney General

        C. SALVATORE D'ALESSIO
        Acting Director
        Torts Branch, Civil Division

        HEATHER L. PEARLMAN
        Deputy Director Torts
        Branch, Civil Division

        TRACI R. PATTON
        Assistant Director
        Torts Branch, Civil Division

        */s/ Matthew L. Murphy*
        *by Joseph A. Lewis*
        MATTHEW L. MURPHY
        Trial Attorney
        Torts Branch, Civil Division
        U.S. Department of Justice
        P.O. Box 146
        Benjamin Franklin Station Washington, D.C. 20044-0146
        (202) 616-4840
        matthew.murphy@usdoj.gov

Dated: September 15 2021

---

[2]  Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.